Brent G. Cheney SBN 180429
Hiren P. Patel SBN 229508
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
515 S. Figueroa St., 8th Floor
Los Angeles, California 90071-3325
Telephone: (213) 683-6500
Facsimile: (213) 683-6669
bcheney@pmcos.com
hpatel@pmcos.com

Attorneys for Defendant

PREFERRED BANK, a California-chartered commercial bank

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA DAWKINS, on behalf of herself and all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PREFERRED BANK, a California-chartered commercial bank,<br><br>Defendant. | Case No. 1:26-cv-04913-JLT-SAB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION ASSERTED IN THE COMPLAINT**<br><br>(Filed concurrently with the accompanying Memorandum of Points and Authorities in Support of Motion to Dismiss)<br><br>Hearing Date: September 30, 2026<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Jennifer L. Thurston |

TO PLAINTIFF MONICA DAWKINS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 30, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jennifer L. Thurston, United States District Court for the Eastern District of California, Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, Courtroom 4, 7th Floor, Defendant Preferred Bank ("Preferred Bank") will and hereby does move the Court, pursuant to Federal Rule of Civil

Procedure 12(b)(6), for an order dismissing with prejudice the First Cause of Action (Cal. Penal Code § 631), the Third Cause of Action (Cal. Bus. & Prof. Code § 17200), the Fourth Cause of Action (Cal. Const. art. I, § 1), the Fifth Cause of Action (Intrusion Upon Seclusion), and the Sixth Cause of Action (Unjust Enrichment) asserted in the Class Action Complaint (Doc. 1) (the "Complaint") for failure to state a claim upon which relief can be granted (the "Motion"). This Motion does not seek dismissal of the Second Cause of Action (Federal Wiretap Act, 18 U.S.C. § 2511(1)(a)) asserted in the Complaint.

This Motion is noticed for hearing not less than thirty-five days after its service and filing, in accordance with Local Rule 230(b).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further argument and evidence as may be presented at or before the hearing.

This Motion is made on the grounds that each challenged cause of action fails to state a claim upon which relief can be granted and fails to satisfy the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, Preferred Bank asks the Court to dismiss the following causes of action from the Complaint for the reasons stated:

1. First Cause of Action (Cal. Penal Code § 631): The Complaint fails to state a claim under the California Invasion of Privacy Act ("CIPA") against Preferred Bank for the following reasons.
    a. As a direct party to the communications, Preferred Bank cannot be directly liable under CIPA, as a matter of law.
    b. Section 631(a)(1) does not apply to internet communications, and thus, cannot support a predicate violation by Google to hold Preferred Bank liable for aiding and abetting.
    c. Plaintiff's own allegations establish that Google did not intercept any communications while they were "in transit," and thus, no aiding and abetting liability can attach to Preferred Bank.

d. Plaintiff's own allegations establish that Google Analytics functioned only as a tool used by Preferred Bank, not a third-party eavesdropper, and Plaintiff has not and cannot plausibly allege persistent tracking, profiling, or use of the data for any independent purpose. Thus, no aiding and abetting liability can attach to Preferred Bank.

e. Because any attempt to cure these defects would contradict the Complaint's current allegations, an amendment would be futile, and the Court should dismiss with prejudice.

2. Third Cause of Action (Cal. Bus. & Prof. Code § 17200): The Complaint fails to state a claim under California's Unfair Competition Law (the "UCL") for the following reasons.

a. Plaintiff lacks statutory standing under Section 17204 because Plaintiff has not and cannot allege any personal, individualized loss of money or property resulting from Preferred Bank's conduct.

b. Plaintiff seeks only equitable relief, but fails to allege that she lacks an adequate remedy at law, which she must plead to be entitled to equitable relief under the UCL.

c. Because Plaintiff cannot allege facts to establish statutory standing under the UCL without contradicting the Complaint's current allegations, an amendment would be futile, and the Court should dismiss with prejudice.

3. Fourth Cause of Action (Cal. Const. art. I, § 1) and Fifth Cause of Action (Intrusion Upon Seclusion): The Complaint fails to state a claim for invasion of privacy under the California Constitution (Fourth Cause of Action) and under common law (Fifth Cause of Action) because Plaintiff has not and cannot allege that Preferred Bank's actions were highly offensive to a reasonable person. To the contrary, the Complaint's allegations show that, at most, Preferred Bank and Google engaged in routine commercial behavior, which cannot support these invasion of privacy claims as a matter of law. Because Plaintiff cannot cure this defect without contradicting the Complaint's allegations, an amendment would be futile, and the Court should dismiss with prejudice.

4. Sixth Cause of Action (Unjust Enrichment): The Complaint fails to state a claim for unjust enrichment for the following reasons:
   a. California does not recognize a standalone cause of action for unjust enrichment, so this cause of action fails as a matter of law.
   b. Even construed as a quasi-contract claim, the Complaint does not plausibly allege that Preferred Bank received and unjustly retained any benefit at Plaintiff's expense.
   c. Because any attempt to cure this defect would contradict the Complaint's current allegations, an amendment would be futile, and the Court should dismiss with prejudice.

**CERTIFICATE OF CONFERENCE**

As required by Section I(C) of the Court's Standing Order, the undersigned counsel for Defendant Preferred Bank hereby certifies that counsel for the parties conferred regarding this Motion by telephone on August 12, 2026 at approximately 8:30 a.m. Pacific Time. Reuben Nathan (on behalf of Plaintiff) and Hiren P. Patel (on behalf of Defendant) participated in the phone conference.

During the conference, counsel discussed the possibility of joint consent to submit this Motion to Magistrate Judge Boone for a recommended disposition, but the parties have not reached a consensus on this point. Counsel further discussed whether certain factual matters relevant to this Motion could be established by judicial notice without objection by any party. The parties did not reach a consensus prior to the filing of this Motion, but counsel believes further discussions on the topic are likely to occur. The parties further discussed a mutually convenient date for the setting of this Motion, which the undersigned counsel has accommodated. Finally, counsel discussed the merits of the Motion, but were unable to reach a compromise on any issues. Counsel for Plaintiff suggested that Plaintiff may opt to file an amended complaint in response to this Motion but could not say for certain without reviewing and analyzing the full motion and supporting memorandum of points and authorities.

DATED: August 12, 2026

PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation

*/s/ Hiren P. Patel*
BRENT G. CHENEY
HIREN P. PATEL

Attorneys for Defendant

PREFERRED BANK, a California-chartered commercial bank