Brent G. Cheney SBN 180429
Hiren P. Patel SBN 229508
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
515 S. Figueroa St., 8th Floor
Los Angeles, California 90071-3325
Telephone: (213) 683-6500
Facsimile: (213) 683-6669
bcheney@pmcos.com
hpatel@pmcos.com

Attorneys for Defendant

PREFERRED BANK, a California-chartered commercial bank

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MONICA DAWKINS, on behalf of herself and all similarly situated persons,

Plaintiff,

v.

PREFERRED BANK, a California-chartered commercial bank,

Defendant.

Case No. 1:26-cv-04913-JLT-SAB

**NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION ASSERTED IN THE FIRST AMENDED CLASS ACTION COMPLAINT**

(Filed concurrently with the accompanying Memorandum of Points and Authorities in Support of Motion to Dismiss, Request for Judicial Notice, and Declaration of Hiren P. Patel and Exhibit)

Hearing Date: October 28, 2026
Time: 10:00 a.m.
Courtroom: 9
Judge: Hon. Stanley A. Boone

TO PLAINTIFF MONICA DAWKINS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 28, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Stanley A. Boone, United States District Court for the Eastern District of California, Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, Courtroom 9, 6th Floor, Defendant Preferred Bank

("Preferred Bank") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing with prejudice the First Cause of Action (Cal. Penal Code § 631), the Third Cause of Action (Cal. Const. art. I, § 1), the Fourth Cause of Action (Intrusion Upon Seclusion), and the Fifth Cause of Action (Quasi-Contract / Restitution Based on Unjust Enrichment) asserted in the First Amended Class Action Complaint (Doc. 12) (the "FAC") for failure to state a claim upon which relief can be granted (the "Motion"). This Motion does not seek dismissal of the Second Cause of Action (Federal Wiretap Act, 18 U.S.C. § 2511(1)(a)) asserted in the FAC.

This Motion is noticed for hearing not less than thirty-five days after its service and filing, in accordance with Local Rule 230(b).

This Motion is based on this Notice of Motion and Motion, the accompanying and concurrently filed Memorandum of Points and Authorities, Request for Judicial Notice, and Declaration of Hiren P. Patel and Exhibit, the pleadings and papers on file in this action, and such further argument and evidence as may be presented at or before the hearing.

This Motion is made on the grounds that each challenged cause of action fails to state a claim upon which relief can be granted and fails to satisfy the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, Preferred Bank asks the Court to dismiss the following causes of action from the FAC for the reasons stated:

1. First Cause of Action (Cal. Penal Code § 631): The FAC fails to state a claim under the California Invasion of Privacy Act ("CIPA") against Preferred Bank for the following reasons.
    a. As a direct party to the communications, Preferred Bank cannot be directly liable under CIPA, as a matter of law.
    b. Section 631(a)(1) does not apply to internet communications and thus cannot support a predicate violation by Google to hold Preferred Bank liable for aiding and abetting.

c. Plaintiff's own allegations establish that Google did not intercept any communication while "the same" was "in transit," and thus, no aiding and abetting liability can attach to Preferred Bank.

d. Plaintiff's own allegations establish that Google Analytics functioned only as a tool used by Preferred Bank, not a third-party eavesdropper, and Plaintiff has not and cannot plausibly allege persistent tracking, profiling, or use of the data for any independent purpose. Thus, no aiding and abetting liability can attach to Preferred Bank.

e. Because Plaintiff has already amended the original Complaint (Doc. 1) after reviewing Preferred Bank's original motion to dismiss (Doc. 9) and because any attempt to cure these defects would contradict the FAC's current allegations, an amendment would be futile, and the Court should dismiss with prejudice.

2. Third Cause of Action (Cal. Const. art. I, § 1) and Fourth Cause of Action (Intrusion Upon Seclusion): The FAC fails to state a claim for invasion of privacy under the California Constitution (Third Cause of Action) and under common law (Fourth Cause of Action) because Plaintiff has not and cannot allege that Preferred Bank's actions were highly offensive to a reasonable person. To the contrary, the FAC's allegations show that, at most, Preferred Bank and Google engaged in routine commercial behavior, which cannot support these invasion of privacy claims as a matter of law. Because Plaintiff has already amended the original Complaint (Doc. 1) after reviewing Preferred Bank's original motion to dismiss (Doc. 9) and because Plaintiff cannot cure this defect without contradicting the FAC's allegations, an amendment would be futile, and the Court should dismiss with prejudice.

3. Fifth Cause of Action (Quasi-Contract / Restitution Based on Unjust Enrichment): The FAC fails to state a claim for quasi-contract or restitution based on unjust enrichment for the following reasons:

a. California does not recognize a standalone cause of action for unjust enrichment, so this cause of action fails as a matter of law. Plaintiff could have alleged restitution as a remedy for one of Plaintiff's other causes of action, if available.

b. Even construed as a quasi-contract claim, the FAC does not plausibly allege that Preferred Bank received and unjustly retained any benefit at Plaintiff's expense.

c. Because Plaintiff has already amended the original Complaint (Doc. 1) after reviewing Preferred Bank's original motion to dismiss (Doc. 9) and because any attempt to cure this defect would contradict the FAC's current allegations, an amendment would be futile, and the Court should dismiss with prejudice.

**CERTIFICATE OF CONFERENCE**

As required by Section I(C) of the Court's Standing Order, the undersigned counsel for Defendant Preferred Bank hereby certifies that counsel for the parties conferred regarding this Motion by emails exchanged on September 1, 2026, September 7, 2026, and September 8, 2026, and by telephone on September 8, 2026, at approximately 8:00 a.m. Pacific Time. Reuben Nathan (on behalf of Plaintiff) and Hiren P. Patel (on behalf of Defendant) participated in the exchange of emails and the phone conference.

During the conference, counsel agreed that this Motion could be noticed for October 28, 2026 at 10:00 a.m. before Judge Stanley A. Boone, the same date and time as the hearing that Judge Boone set on Preferred Bank's motion to dismiss the original Complaint. (Doc. 9; Doc. 11.) Counsel further discussed whether the parties would stipulate that Google Analytics UA Legacy stopped collecting any data on or about July 1, 2024, or whether the same could be established by judicial notice without objection by any party. The parties did not reach an agreement on a stipulation or judicial notice by mutual consent.

Finally, counsel discussed the merits of the Motion but were unable to reach a compromise on any issues.

DATED: September 8, 2026

PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation

*/s/ Hiren P. Patel*
BRENT G. CHENEY
HIREN P. PATEL

Attorneys for Defendant

PREFERRED BANK, a California-chartered commercial bank

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION